# NO. 12-08-00044-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PAUL JONATHAN ERB,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Paul Jonathan Erb appeals his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify the trial court's judgment and affirm as modified.

### BACKGROUND

Appellant pleaded guilty to possession of four grams or more, but less than two hundred grams, of a penalty group 1 controlled substance. Appellant also confessed to having committed the offense of tampering with evidence, moving the trial court to consider that offense as part of his punishment. There was no agreement between Appellant and the State as to the appropriate punishment. The trial court found Appellant guilty and assessed punishment at twelve years of imprisonment. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. The brief of Appellant's counsel shows that counsel diligently reviewed the appellate record

and considered the applicable law and is of the opinion that the record reflects no reversible error. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have likewise examined the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

We note, however, that the judgment signed by the trial court correctly reflected the offense committed by Appellant but did not correctly reflect the statute making that conduct an offense. Specifically, the judgment references section 481.112 of the Texas Health and Safety Code. But the offense in question was actually a violation of section 481.115 of that code. *Compare* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2003) *with* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2003). We have the authority to reform a judgment to make the record speak the truth. *Ingram v. State*, 261 S.W.3d 749, 754 (Tex. App.–Tyler 2008, no pet.) (citing *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)). This is so even though this is an *Anders* case. *Cf. Bray v. State*, 179 S.W.3d 725, 729-30 (Tex. App.–Fort Worth 2005, no pet.) (modifying judgment to remove an illegal condition of parole). Further, the Texas Rules of Appellate Procedure expressly authorize us to modify the judgment of a trial court. TEX. R. APP. P. 43.2. After reviewing the entire record, it is clear that the trial court did not intend to note that Appellant was convicted of a violation of section 481.112, and that the trial court instead intended to note that Appellant violated section 481.115. Accordingly, we modify the trial court's judgment to delete any reference to section 481.112, and insert a reference to section 481.115.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw

[1] Counsel for Appellant certified in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and we have received no pro se brief.

is hereby granted. The trial court's judgment is ***affirmed as modified***.

Opinion delivered November 26, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)